JS-6

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 483482

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BARRY,<br><br>        Plaintiff,<br>    v.<br><br>KOHL'S DEPARTMENT STORES, INC.; FRANKLIN CHO; RAFAEL BAYONA; RICHARD KNOY; and DOES 1–50, inclusive,<br><br>        Defendants. | Case No. 2:12-cv-09874-ODW (PJWx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

    The Court has received Defendant Kohl's Department Stores's Notice of Removal. Having carefully considered the papers filed in conjunction with Defendant's Notice, the Court determines that Defendant has failed to satisfy its burden to establish federal jurisdiction. The Court must therefore remand this action to the Los Angeles Superior Court.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, Court strictly construe the removal statute against removal jurisdiction, and

"[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). For the purposes of complete diversity, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Kohl's Notice of Removal contends that Plaintiff David Barry "alleges in Paragraph 1 of the Complaint that he is a resident of the County of San Bernardino in California. Based on Plaintiff's allegations, Kohl's is informed and believes that Plaintiff is a citizen of the State of California." (Notice of Removal ¶ 12 (citation omitted).) This allegation insufficient to establish Barry's citizenship on removal, as a notice of removal "alleging diversity of citizenship upon information and belief is insufficient." *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963); *see also Kantor*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). Thus, because Kohl's has alleged Barry's citizenship on "information and belief," the allegations in Kohl's Notice of Removal are insufficient to establish Barry's citizenship. Kohl's therefore fails to invoke this

/ / /

/ / /

/ / /

Court's diversity jurisdiction, and the Court hereby **REMANDS** this case to the Los Angeles County Superior Court. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

November 26, 2012

_____
            **HON. OTIS D. WRIGHT, II**
         **UNITED STATES DISTRICT JUDGE**